UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEVEN LAMAR BELCHER                        CIVIL ACTION NO. 15-cv-2309

VERSUS                                     JUDGE FOOTE

CHARLES B. GUIN                            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Keven Belcher ("Plaintiff"), who is self-represented, filed this civil action against Charles Guin.  Plaintiff alleges that Guin is his former employer and is liable to him pursuant to the Fair Labor Standards Act and Louisiana laws.  Attorney D. Kathy Lied has filed a **Motion to Enroll as Counsel (Doc. 7)** for Mr. Guin.  That motion is **granted**.

Counsel for Mr. Guin has also filed a Motion for More Definite Statement (Doc. 9). Rule 12(e) provides that a party may move for a more definite statement before filing a responsive pleading if the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  This does not mean that a plaintiff must plead in his complaint every date, person, event and other fact that must be proved to obtain a favorable judgment.  Instead, the federal rules merely require "notice pleading."  Rule 8(a)(2) requires a short and plain statement of the claim that will give the defendant "notice as to what the plaintiff's claim is and upon which grounds it rests."  Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126-130 (5th Cir. 1959).

Rule 12(e) should not be used to frustrate the notice pleading policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. Mitchell, 269 F.2d at 132. Similarly, a motion for more definite statement will not be granted when a moving party can reasonably respond to the complaint, but merely wants the plaintiff to plead additional information that could and should be gained through discovery. Id. See also Newcourt Leasing Corp. v. Regional Bio-clinical Laboratory, Inc., 2000 WL 134700 (E.D. La. 2000); Brown v. Maxxam, Inc., 1991 WL 13918 (E.D. La. 1991).

Mr. Guin complains that the complaint does not include a demand for the relief sought, but paragraph seven states that Plaintiff is asking the court to order Guin to pay for all hours and overtime that was unpaid "in the amount of $15,100" and is also requesting payment in the same amount for "wrongful termination and mental anguish." Guin complains that Plaintiff does not allege what his employment consisted of or where Plaintiff was living during the employment. Guin does not explain why it is necessary to know where Plaintiff lived in order to file an answer, and the complaint suggests that Plaintiff was working as some form of caregiver for Mr. Guin. The lack of detail about the precise nature of the work should not prevent Guin from filing an answer. He may explore the details of Plaintiff's duties and other relevant facts, to the extent he is not already familiar with them, through the discovery process. Finally, it has been the experience of the court that ordering a more definite statement from a self-represented plaintiff seldom brings about much

additional clarity, but it does often lead to the addition of new claims and allegations that make the defendant regret his request.

For these reasons, the **Motion for More Definite Statement (Doc. 9)** is **denied**. After Mr. Guin files an answer, the court will set deadlines for the completion of discovery, the filing of dispositive motions, and other preliminary scheduling matters.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of November, 2015.

Mark L. Hornsby
U.S. Magistrate Judge